UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANGELO CANO,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.
_________________________________)

The Plaintiff, ANGELO CANO ("CANO"), by and through the undersigned counsel, hereby sues Life Insurance Company of North America ("LINA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. CANO was at all times relevant a plan participant under Munich Reinsurance America, Inc., Long Term Disability Plan, Group Policy LK-962727

(“LTD” Plan).[1]

3. Defendant, LINA, is a Corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under MUNICH REINSURANCE AMERICA, INC. LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plan regulated by ERISA, established by MUNICH REINSURANCE AMERICA, INC. under which CANO was a participant, and pursuant to which CANO is entitled to Long Term Disability benefits (“LTD benefits”). Pursuant to the terms and conditions of the LTD Plan, CANO is entitled to LTD benefits for the duration of the Plaintiff’s disability, for so long as CANO remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida; and that the final denial of benefits occurred within this Court’s jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS’ FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. CANO incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, CANO was an employee or former employee of

[1] A copy of the LTD Plan is attached hereto as Exhibit “A.”

MUNICH REINSURANCE AMERICA, INC. and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of CANO's employment, CANO became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while CANO was covered under the LTD Plan CANO suffered a disability, as a result of Injury or Sickness the nature of which due to privacy is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. As it relates to CANO's current claim for benefits, Disability is defined to mean:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.

10. Pursuant to the terms of the LTD Plan, CANO made a claim to LINA for LTD benefits under the LTD Plan with a date of disability beginning March 24, 2014.

11. On or about November 7, 2014, LINA notified CANO that his claim for LTD Benefits was denied as LINA had determined that CANO was capable of performing the material duties of his regular occupation.

12. CANO timely appealed this adverse determination of his claim for benefits.

13. On June 2, 2015, LINA affirmed its adverse determination and upheld its decision to deny LTD benefits.

14. CANO has complied with the filing of his mandatory administrative

appeal.

15. LINA breached the LTD Plan and violated ERISA in the following respects:

a. Failing to pay LTD benefits to CANO at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as CANO was disabled and unable to work and therefore entitled to benefits.

b. After CANO's claim was denied in whole or in part, LINA failed to adequately describe to CANO any additional material or information necessary for CANO to perfect his claim along with an explanation of why such material is or was necessary.

c. LINA failed to properly and adequately investigate the merits of CANO's disability claim and failed to provide a full and fair review of CANO's claim.

16. CANO believes and alleges that LINA wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which CANO is presently unaware, but which may be discovered in this future litigation and which CANO will immediately make LINA aware of once said acts or omissions are discovered by CANO.

17. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, CANO has damages for loss of disability benefits in a total sum to be shown at the time of trial.

18. As a further direct and proximate result of this improper determination regarding CANO's claim for benefits, CANO, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CANO is entitled

to have such fees and costs paid by LINA.

19. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, CANO is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, ANGELO CANO prays for relief against Life Insurance Company of North America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 15, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff

2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Cesar Gavidia*

Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com